UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF MING YANG, PETITIONER, FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS, PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, OF RESPONDENT LEO GU, AS TRUSTEE OF THE GU FAMILY TRUST | Case No. 19-mc-80191-VKD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Ming Yang has filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for discovery of documents and deposition testimony from Leo Gu as Trustee of the Gu Family Trust ("Gu Trust") for use in a proceeding before the Eastern Caribbean Supreme Court of the British Virgin Islands ("BVI Court"). Dkt. No. 1.

For the reasons stated below, the Court grants the application.

## I. BACKGROUND

According to the application, in 1997, brothers Ming Yang and Eric Yang formed a company now called Tutor Group Holding, Inc. ("TGH"). Dkt. No. 1 ¶ 10. In 2012, Ming and Eric Yang formed another company with a third brother, James Yang, called MEJ Investment Ltd. ("MEJ") in the British Virgin Islands. *Id.* ¶ 13. Thereafter, Ming and Eric Yang transferred their ownership shares in TGH to MEJ. *Id.*

In 2017, Ming Yang's relationship with his brothers deteriorated. *Id.* ¶ 17. He says that his brothers caused him to be removed as director of TGH, stopped consulting him on important business decisions, caused MEJ to sell a substantial amount of its shares in TGH without consulting him, and caused MEJ to approve the acquisition of a substantial interest in TGH by an

insurance company called Ping An. *Id.* In addition, Ming Yang says that Eric Yang, with the assistance of TGH's counsel Rocky Lee, began a "campaign of false, negative statements" about him relating to the procurement of a contract with a private jet service called VistaJet. *Id.* ¶ 18.

On July 4, 2019, Ming Yang sued his brothers, the wife of one of his brothers, and MEJ in the BVI Court in the matter *Yang v. Yang et al.*, Case No. VIHCOM2019/0093. Ming Yang filed an amended statement of claim on July 24, 2019. Dkt. No. 1, Ex. A. Mr. Yang seeks permission to serve a subpoena for documents on Leo Gu as trustee of the Gu Trust, which is a current shareholder of TGH. Dkt. No. 7. Mr. Yang says that the Gu Trust is located within this district in Monte Sereno, California. Dkt. No. 2 at 4. The Gu Trust is not a party to the proceeding before the BVI Court. However, Mr. Yang says the Gu Trust has documents that are relevant to matters in dispute in that proceeding, and it seeks discovery of those documents for use in that proceeding. *Id.* at 3.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in
   the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings
   underway abroad, and the receptivity of the foreign government or the
   court or agency abroad to U.S. federal-court judicial assistance";

2

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III. DISCUSSION

### A. Statutory Requirements

Mr. Yang's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from the Gu Trust, who is alleged to be located in Monte Sereno, California, within the Northern District of California. Second, Mr. Yang requests this discovery for use in a pending proceeding before the BVI Court, a foreign tribunal. Third, as the complaining party in the BVI Court, Mr. Yang is an interested person within the meaning of the statute.

### B. *Intel* Factors

Even if the Court has the authority to grant Mr. Yang's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1. Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, the Gu Trust is not a party to the BVI Court proceeding, and the discovery sought by subpoena is located outside the jurisdiction of the foreign tribunal. Dkt. No. 2 at 4. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoena.

#### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re*

4

*Varian Med. Sys.*, 2016 WL 1161568, at *4. "'[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved.'" *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, Mr. Yang relies on the declaration of Reisa Singh, Mr. Yang's counsel in the proceeding before the BVI Court, who represents that the BVI Court typically will not compel the production of evidence from non-parties and, in any event, does not have jurisdiction to compel discovery of non-party Gu Trust. Dkt. No. 3 ¶¶ 7-8. However, Ms. Singh attests that there are no procedural or evidentiary rules that would prevent the BVI Court from admitting in evidence documents obtained from outside its jurisdiction. *Id.* ¶¶ 9-11. In the absence of evidence to the contrary, the Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether Mr. Yang's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest

5

that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Here, Ms. Singh attests that she is aware of no restrictions or policies of the BVI Court that would limit the gathering of the evidence Mr. Yang seeks here. Dkt. No. 3 ¶¶ 9-11. In the absence of contrary information regarding the procedures acceptable to the BVI Court, the Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

### 4. Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Mr. Yang seeks documents from the Gu Trust that are responsive to nine document requests falling into the following categories:

1. Documents regarding Ping An's investment in TGH;
2. Documents relating to TGH's Series D financing;
3. Documents relating to the transfer of TGH shares held by MEJ;
4. Documents regarding the termination of Mr. Yang's employment and board position at TGH, and related legal action or threat of legal action; and
5. Documents regarding a contractual relationship between TGH and VistaJet.

*See* Dkt. No. 1, Ex. 1. The document requests in the proposed subpoena appear to be directed to discovery of matters relating to the pending BVI Court proceeding, and do not appear to be unduly burdensome or intrusive. However, the Court notes that some of the requests concern actual or threatened legal action and may therefore implicate privileged communications. *See id.* (Document Requests Nos. 7, 8). As the Gu Trust will have the opportunity to object to particular requests following service of the subpoena, including the opportunity to object to the disclosure of privileged communications, the Court concludes that this factor weighs in favor of authorizing

service of the subpoena.

## IV. CONCLUSION

Mr. Yang's application meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the subpoena.

Accordingly, the Court authorizes service of a subpoena that includes the proposed documents requests on Leo Gu as trustee for the Gu Trust. This order does not foreclose the Gu Trust from moving to quash or to modify the subpoena, or moving for a protective order. At the time of service of the subpoena, Mr. Yang must also serve a copy of this order on the Gu Trust.

**IT IS SO ORDERED.**

Dated: August 19, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

7