UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF MING YANG, PETITIONER, FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS, PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, OF RESPONDENT LEO GU, AS TRUSTEE OF THE GU FAMILY TRUST | Case No.19-mc-80191-VKD<br><br>**ORDER DENYING MOTION TO RELATE CASES**<br><br>Re: Dkt. No. 13 |

In this proceeding, applicant Ming Yang seeks an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for discovery from Leo Gu as Trustee of the Gu Family Trust ("Gu Trust") for use in a proceeding before the Eastern Caribbean Supreme Court of the British Virgin Islands ("BVI Court"). Dkt. No. 1. On August 16, 2019, Mr. Yang filed a notice of related case in which he asks the Court to relate this case to a later filed proceeding captioned *In re Application of Ming Yang, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings, Pursuant to the Federal Rules of Civil Procedure, of Respondent The Goldman Sachs Group, Inc.*, Case No. 3:19-mc-080207-LB (N.D. Cal.) ("the Goldman Sachs Action"). Dkt. No. 13. The Court construes that notice as an administrative motion to relate the cases pursuant to Civil Local Rule 3-12(b). The Court denies the motion.

Mr. Yang contends that both actions "concern substantially the same parties, property, transaction, or events" because they both seek discovery for use in the same foreign litigation before the BVI Court. Dkt. No. 8 at 1. However, the Goldman Sachs Action involves a different subpoena recipient and does not concern the same property, transaction, or events as to the subpoena recipients. As the Court explained in its previous order denying Mr. Yang's earlier motion to relate (Dkt. No. 12), it is possible that the subpoena recipients—the Gu Trust and

Goldman Sachs[1]—may challenge their respective subpoenas, if service is authorized, resulting in contested motion practice before the Court. However, the resolution of any such disputes likely will depend on facts and circumstances specific to the Gu Trust or Goldman Sachs, respectively, and is unlikely to require duplication of effort by the Court. Civ. L.R. 3-12(a)(2).

Accordingly, for the reasons described above, Mr. Yang's motion to relate cases is denied. Mr. Yang is directed to review and comply with the requirements of Civil Local Rule 3-12(b) with respect to any future motions to relate cases.

**IT IS SO ORDERED.**

Dated: August 23, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] The Court understands that the Gu Trust and Goldman Sachs are unrelated non-parties in the lawsuit Mr. Yang has filed in the BVI Court.

2